UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LESALDO SHALTO,

Plaintiff,

-against-

SFL PIZZA CORP. d/b/a CENTRO and 47-23 VERNON BLVD LLC,

Defendants.

Case No. 19 CV 1687

**COMPLAINT**

Plaintiff, LESALDO SHALTO (hereinafter "Plaintiff"), through her undersigned counsel, hereby files this Complaint and sues defendants SFL PIZZA CORP. d/b/a CENTRO (the "Pizza Restaurant") and 47-23 VERNON BLVD LLC (the "Landlord") (the Pizza Restaurant and the Landlord being hereinafter collectively designated as the "Defendants") and alleges, upon information and belief:

**INTRODUCTION**

1. Over twenty years after Congress passed one of our nation's landmark civil rights laws for people with disabilities, Defendants still maintain barriers that prevent customers who use wheelchairs or scooters from the full, independent and equal enjoyment of the Pizza Restaurant's goods and services.

2. Defendants have been and remain in violation of federal and state disability civil rights laws, in that they have failed to comply with federal and state nondiscrimination statutes.

3. Defendants have discriminated, and continue to discriminate, against Plaintiff in many ways, including, but not limited to, failing to ensure that its public accommodation is accessible to individuals with mobility impairments who require wheelchairs or scooters for mobility.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, and pursuant to 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over Plaintiff's claims brought under the laws of the State of New York. The Court may grant declaratory and other relief pursuant to 28 U.S.C. §§ 2201 and 2202. Money damages alone are inadequate, and Plaintiff has been suffering, and will continue to suffer, irreparable injury.

5. Venue is proper within this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

6. The Plaintiff is and has been at all times material hereto a resident of the State of New York.

7. Plaintiff was paralyzed from the neck down many years ago in an automobile accident. As a result, he uses a wheelchair for mobility. Plaintiff therefore has a disability within the meaning of the ADA. 42 U.S.C. § 12102(2)(A). Plaintiff also has a physical disability within the meaning of the laws of the State of New York.

8. The Pizza Restaurant operates a pizza place and Italian restaurant at the premises known and designated as 47-23 Vernon Boulevard, Long Island City, New York (the "Property").

9. The Landlord is the owner of the Property.

10. The Landlord allows the Pizza Restaurant to occupy the Property pursuant to the terms of a written agreement.

## STATEMENT OF FACTS

11. Plaintiff has regularly patronized businesses in the neighborhood where the Property is located for many years.

12. Plaintiff generally patronizes businesses in the area of the Property twice a month.

13. Plaintiff would like to eat inside the Pizza Restaurant but has been deterred from

doing so as a result of the step at the entrance, the last time prior to the filing of the complaint having been on or about March 14, 2019, when he was compelled to order his food and have it delivered to him on the sidewalk.

14. The step at the entrance to the Pizza Restaurant, as more fully described below, has effectively denied Plaintiff's ability to enter the Property and has caused frustration to the Plaintiff.

15. Plaintiff seeks declaratory, injunctive and equitable relief, as well as monetary damages and attorney's fees, costs and expenses to redress Defendants' unlawful disability discrimination.

16. As more fully set forth below, Defendants are in violation of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 et seq. and its implementing regulations, 28 C.F.R. Part 36, the New York State Executive Law (the "Executive Law") § 296, New York State Civil Rights Law, § 40, and the Administrative Code of the City New York (the "Administrative Code"), § 8-107.

17. Plaintiff will continue to visit the Pizza Restaurant and will enter if the barriers to his enjoyment of the facilities have been removed.

18. The 1991 ADA Standards for Accessible Design (the "1991 Standards") apply to new construction and alterations from the inception of the ADA until March 14, 2012. As of March 15, 2012, compliance with revised standards, known as the 2010 ADA Standards for Accessible Design (the "2010 Standards"), was required for new construction and alterations, accessibility and barrier removal. Premises altered between January 26, 1992 and March 15, 2012, must comply with either the 1991 Standards or the 2010 Standards, in accordance with the safe harbor provisions of the 2010 Standards.

19. Defendants are required to remove architectural barriers to the physically disabled when such removal is readily achievable for a place of public accommodation that has existed prior to January 26, 1992, 28 CFR § 36.304(a). In the alternative, if there has been an alteration to Defendants' place of public accommodation since January 26,1992, then the Defendants are required to ensure, to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally if the Defendants' facility is one which was designed and constructed for first occupancy subsequent to January 26,1993 as defined in 28 CFR 36.401 then the Defendants' facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

20. According to the records of the New York City Department of Buildings, the Property underwent substantial alterations, *inter alia*, in 2015 (alteration of the Property to create a pizzeria) and 2017 (alteration of the Property to add outdoor seating).

21. An alteration that affects, or could affect, the usability of, or access to, an area of a facility that contains a primary function shall be made so as to ensure that, to the maximum extent feasible, the path of travel to the altered area is readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, unless the cost and scope of such alterations is disproportionate to the cost of the overall alteration (28 C.F.R. § 36.403).

22. Alterations to existing spaces, undertaken under either the 1991 Standards or the 2010 Standards, must (unless exempted) comply with the provisions of the applicable Standards unless compliance is technically infeasible (and, in that event, the alterations must comply with those requirements to the maximum extent feasible).

23. The services, features, elements and spaces of the Pizza Restaurant are not readily accessible to, or usable by Plaintiff.

24. The failure of the Pizza Restaurant to provide equal benefit of its goods, services, facilities, privileges, advantages, or accommodations to all patrons constitutes discrimination (42 USC § 12182(b) (ii)).

25. Under the ADA, both the property owner and lessee are liable to the Plaintiff and neither can escape liability by transferring their obligations to the other by contract (i.e. lease agreement). 28 C.F.R. 36.201(b).

26. An inspection of the Pizza Restaurant was conducted and the following details the results of that inspection[1] (wherever violations are cited, they refer to the 2010 Standards):

The entrance, consisting of double doors which open outwards, is located above a 6 inch rise, within about a 24-inch deep recess. There are no railings on either side of the step. There is no signage directing a person in a wheelchair to an accessible entrance. There is no sign to direct the disabled patrons as to how to seek assistance, once they arrive.

The Landlord is responsible for the following violations at the entrance:

a. No accessible route (402) to an entrance is provided (206.1). 402 provides that components of an accessible route include only ramps, slopes or level surfaces, so the existence of a step within the accessible route is in violation of 402.2.

b. Despite substantial alterations to primary function areas, the Landlord failed to ensure the path of travel to the altered area(s) was accessible, to the maximum extent feasible (202.3). The areas altered are not on an accessible route, as required by 206.2, although the altered areas contain primary function areas and the cost of making it accessible would have been within cost guidelines. (202.4)

c. Due to the step at the door, there is no accessible entrance (206.2). The only entrance does not comply with 206.4, 404 and 402.

[1] All of the barriers set forth were reviewed with Plaintiff prior to the filing of the complaint.

d. The Landlord has failed to provide at least one accessible entrance for each tenant (206.4.5).

e. Even if the Plaintiff was assisted inside, there is no means of egress to exit in the event of an emergency, as required by 207.1.

f. The failure to ramp the rise over ½ inch at the entrance, within an accessible route, is in violation of 303.1 and 303.4. No un-ramped changes in level over ½ inch are permitted, pursuant to 303.

g. The rise within the maneuvering clearance at the recessed door violates 404, in that changes in level are not allowed.

The Pizza Restaurant continues to violate Plaintiff's civil rights by failing to remove the barriers to his entry, although it is readily achievable to do so.

i) There is no ramp provided at the front entrance to allow Plaintiff's entry, although it is readily achievable to do so.

ii) There is no notification system to alert employees that a disabled patron is outside waiting for service.

iv) There is no automatic door opener outside to allow Plaintiff to open the exterior door to ask for assistance in placing an order outside, if he so desired.

v) There is no ADA compliant signage directing patrons using wheelchairs to an accessible entrance.

Inside, as you enter, the sales counter is on the right, followed by extensive food showcases. The dining room contains 4 booths, each with two legs, which are approximately 10 inches from the edge, so a person in a wheelchair would be unable to pull up at the end of the booth. There are also three tables with 4 legs shaped as a cross below the table. There is a bar

approximately 50 inches in height, with bar stool seating and no lowered section. In the rear is a glass door leading to an outdoor patio. There are two steps leading to the outside dining.

The dining area and bar present the following barriers to use by people in wheelchairs, (with listed violations of the 2010 Standards):

a) No accessible route is provided to all dining areas, as required by 206.2.5, with no exception to compliance applicable.

b) There is no accessible route which connects the entrance to the rear outside dining area and toilet room (206.2.2, 206.2.4).

c) 5% accessible seating of dining surfaces is not provided, as required by 226.1 and 902. Neither the outside patio or the interior dining offer accessible seating.

d) The “crossed leg” style tables prevent Plaintiff from sliding beneath the table in his wheelchair, a violation of 305.4, as the tables fail to provide necessary knee and toe clearance (306, 306.2.1, 306.2.3 and 306.2.5, 306.3.1, 306.3.3). Lack of clearance below the tables create an unequal benefit, whereby disabled patrons may not sit comfortably below a table, like able bodied patrons may.

e) There is no sales counter at a height of 36 inches or less, so Plaintiff can make his purchases while seated (227.1, 227.3, 904).

There is a toilet room, with an accessible sign on the door. The door is 36” wide and opens inwards. The door handle is a type which can be easily manipulated and grasped. There is a hook on the door inside approximately 50 inches high. The position of the toilet and sink, and a cabinet and a garbage can inside the toilet room, prevent there being enough room for a person in a wheelchair to enter the room, turn and close the door. The door swing interferes with the necessary 30x48 inch clear space for Plaintiff in his wheelchair chair.

Toilet height is 18.5”. The distance from the centerline of the toilet to the wall is 18”. There are no grab bars behind or beside the toilet. There is no clear floor space of 30 x 48 in front of the toilet. The sink’s height is 37”. The mirror is at 48” height. The paper towel dispenser is sitting in a window, at a 62” height, out of reach for a person in a wheelchair to reach.

The following barriers are noted in the toilet room:

a) The paper towel dispenser and coat hook are positioned at a height inaccessible to a patron seated in a wheelchair.

b) No grab bars are present on the back of the toilet, which would allow individuals to transfer to and from the toilet.

c) There is no unobstructed space outside of the door swing, for plaintiff to sit and close the door.

e) The mirror is too high to be used by the seated Plaintiff.

f) There is insufficient clear floor space at the toilet to allow the Plaintiff to approach and use it.

**FIRST CLAIM FOR RELIEF**
(Americans with Disabilities Act)

27. Title III of the ADA provides that “No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.”

28. The Defendants are public accommodations.

29. The Defendants have discriminated against Plaintiff on the basis of disability. The Defendants’ discriminatory conduct includes but is not limited to:

a. Discriminatory exclusion and/or denial of goods, services, facilities, privileges, advantages, accommodations, and/or opportunities;

b. Provision of goods, services, facilities, privileges, advantages, and/or accommodations that are not equal to those afforded non-disabled individuals;

c. Failing to make reasonable modifications in policies, practices, and/or procedures as necessary to afford the goods, services, facilities, privileges, advantages, and/or accommodations of the Pizza Restaurant to individuals with disabilities;

d. Failing to design and/or construct the Pizza Restaurant so that it is readily accessible to and usable by individuals with disabilities;

e. Failing to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the Pizza Restaurant are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs;

f. Failing to make alterations in such a manner that, to the maximum extent feasible, the path of travel to the altered areas are readily accessible to and usable by individuals with disabilities; and/or

g. Failing to remove barriers to individuals with disabilities where it would be readily achievable to do so.

30. The Defendants could have removed some of the illegal barriers by i) ramping, with railings, the step at the entrance; ii) providing ADA compliant seating; and iii) providing an ADA compliant toilet room.

31. However, Defendants have not remedied any of the existing violations.

32. As such, the Defendants discriminate and, in the absence of the injunction requested herein, will continue in the future to discriminate against Plaintiff on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of the Pizza Restaurant, in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and/or its implementing regulations.

33. The Defendants' violations of the ADA have harmed and will continue to harm Plaintiff in the future.

**SECOND CLAIM FOR RELIEF**
(Violation of New York State Executive Law)

34. Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

35. The Defendants have, and continue, to subject Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use their place of public accommodation, all because he is disabled.

36. By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome and not desired as patrons of their place of public accommodation.

37. Defendants have discriminated against Plaintiff in violation of Executive Law § 296(2), by maintaining and/or creating an inaccessible place of public accommodation.

38. Defendants have has failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of Executive Law § 296(2)(c)(iii).

39. It would not impose an undue hardship or undue burden on the Defendants to make their place of public accommodation fully accessible.

40. As a direct and proximate result of the Defendants' unlawful discrimination, in violation of New York State Executive Law, Plaintiff has suffered, and continues to suffer emotional distress, including, but not limited to humiliation, embarrassment and stress.

41. Plaintiff has suffered damages in the amount of at least $2,000.00 (TWO THOUSAND DOLLARS) and the total amount shall be determined at trial.

**<u>THIRD CLAIM FOR RELIEF</u>**
(Violation of the Administrative Code of the City of New York)

42. Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

43. Defendants have subjected, and continue to subject, P1aintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation, all because of disability, in violation of Administrative Code § 8-107(4).

44. Defendants have discriminated against Plaintiff in violation of the Administrative Code § 8-107(4), and Local Law 58, by maintaining and/or creating an inaccessible place of public accommodation.

45. The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), also known as Local Law 58, clarified the scope of the Administrative Code in relation to the New York City's Human Rights Law. The Restoration Act confirmed the legislative intent to abolish "parallelism" between the Administrative Code and the Federal and New York State anti-discrimination laws by stating as follows:

> The provisions of this title shall be construed liberally for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed.

Restoration Act§ 7 amending Administrative Code §8-130 (emphasis added).

46. The Administrative Code is to be construed broadly in favor of Plaintiff to the fullest extent possible. Albunio v. City of New York, 2011 NY Slip Op 02480 (N.Y. Court of Appeals, March 31, 2011).

47. As a direct and proximate result of the Defendants' unlawful discrimination, in violation of Administrative Code, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, embarrassment, and anxiety.

48. The Defendants' long-standing refusal to make their places of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to Plaintiff's rights under the Administrative Code.

49. By failing to comply with the law in effect for decades, the Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome and not desired as patrons of their place of public accommodation.

50. By refusing to make their place of public accommodation accessible, Defendants have unlawfully profited from their discriminatory conduct by receiving revenues from an unlawful space and then pocketing monies they should have lawfully used to make their place of public accommodation fully accessible. The Defendants' unlawful profits plus interest must be disgorged.

51. Plaintiff has suffered damages in the amount of at least $2,000.00 (TWO THOUSAND DOLLARS) and the total amount shall be determined at trial.

**INJUNCTIVE RELIEF**

52. Plaintiff will continue to experience unlawful discrimination as a result of the Pizza Restaurant's failure to comply with the above-mentioned laws. Therefore, injunctive relief is necessary to order the Defendants to alter and modify their place of public accommodation and its policies, practices and procedures.

53. Injunctive relief is also necessary to make the Pizza Restaurant readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws, in part, by compelling the Defendants to i) ramp, with railings and a landing, the step at the entrance; ii) provide ADA compliant seating; iii) provide an ADA compliant toilet room; and iv) ramp the two steps into garden dining area.

## DECLARATORY RELIEF

54. Plaintiff is entitled to a declaratory judgment concerning each of the accessibility violations committed by the Defendants against Plaintiff as to the policies, practices, procedures, facilities, goods and services.

## ATTORNEY'S FEES, EXPENSES AND COSTS

55. In order to enforce Plaintiff's rights against the Defendants, Plaintiff has retained counsel and is entitled to recover attorney's fees, expenses and costs pursuant to the ADA and the Administrative Code. 42 U.S.C. §12205; 28 C.F.R. §36.505; and Administrative Code § 8-502.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendants, in favor of Plaintiff, containing the following relief:

A. Enter declaratory judgment declaring that the Defendants have violated the ADA and implementing regulations, Executive Law and Administrative Code and declaring the rights of Plaintiff as to the Defendants' place of public accommodation, and its policies, practices and procedures

B. Issue a permanent injunction ordering the Defendants to remove all violations of the ADA, Executive Law and Administrative Code, including, but not limited to, the violations set forth above;

C. Retain jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

D. Award at least $2,000.00 (TWO THOUSAND DOLLARS) to Plaintiff as compensatory damages as a result of the Defendants' violations of the New York State Executive Law and the Administrative Code of the City of New York;

E. Award Plaintiff reasonable attorneys' fees, costs and expenses pursuant to the Administrative Code;

F. Find that Plaintiff is a prevailing party in this litigation and award reasonable attorney fees, costs and expenses pursuant to the ADA; and

G. For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Dated: March 25, 2019

Donald J. Weiss

Donald J. Weiss, Esq. (7619)
Attorney for Plaintiff
363 Seventh Avenue, 4th Floor
New York, NY 10001
(212) 967-4440