UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------
LESALDO SHALTO,

                       Plaintiff,

         -against-

SFL PIZZA CORP. d/b/a CENTRO and 47-23
VERNON BLVD. LLC,

                     Defendants.
---------------------------------------------------------------

**MEMORANDUM & ORDER**

**19-CV-1687 (NGG) (ST)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Lesaldo Shalto brings this action against Defendants SFL Pizza Corp. ("SFL") and 47-23 Vernon Blvd., LLC ("Vernon"). (Compl. (Dkt. 1).) Shalto, who uses a wheelchair, is unable to dine at SFL's restaurant—located in a building owned by Vernon—due to a step at the entrance and the layout of the dining area. (*Id.* ¶¶ 7-14.) Shalto asserts claims pursuant to the Americans with Disabilities Act ("ADA") and its implementing regulations, as well as analogous provisions of New York State and New York City law. (*Id.* ¶ 16.) Defendants each move pursuant to Federal Rule of Civil Procedure 12(c) to dismiss the claims against them. (SFL Mem. in Supp. of Mot. for J. on the Pleadings ("SFL Mem.") (Dkt. 43 at ECF 56); Vernon Mem. in Supp. of Mot. for J. on the Pleadings ("Vernon Mem.") (Dkt. 43 at ECF 3).) For the reasons stated below, Defendants' motions are DENIED.

### I. BACKGROUND

#### A. Facts

The court takes the following statement of facts from Plaintiff's complaint, the well-pleaded allegations of which the court must accept as true for purposes of the motion for judgment on the

pleadings. *See Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001).[1]

Plaintiff is a New York resident who is paralyzed from the neck down and requires a wheelchair for mobility. (Compl. ¶¶ 6-7.) SFL operates a pizza restaurant in a building owned by Vernon located at 47-23 Vernon Boulevard in Long Island City, Queens. (*Id.* ¶¶ 8-9.) The premises were renovated in 2015 to convert the location into a pizzeria and again in 2017 to add outdoor seating. (*Id.* ¶ 20.) Plaintiff visits the area in which the pizza restaurant is located approximately twice monthly. (*Id.* ¶ 12.) Plaintiff would like to eat inside the pizza restaurant, and has tried to do so as recently as March 14th, 2019, but he cannot enter the restaurant because of a step at the entrance. (*Id.* ¶ 13.) The entrance consists of double doors that are located six inches above the sidewalk and have an approximately 24-inch deep recess. (*Id.* ¶ 26.) There are no railings on either side of the step, nor is there an accessible entrance or ramp on the premises. (*Id.*) In addition, there is no notification system to alert employees that a person using a wheelchair is waiting outside or one that allows a patron with a mobility disability to ask for assistance. (*Id.*) The dining areas are also not accessible because they lack wheelchair-friendly routes and tables that allow patrons in wheelchairs to dine at them. (*Id.*) Also, the sales counters are too high for a person in a wheelchair to use. (*Id.*) Finally, the restroom does not contain enough space for a person with a wheelchair to use it. (*Id.*)

### B. Procedural History

Plaintiff filed his complaint on March 25, 2019. (*See* Compl.) Defendants SFL and Vernon filed their answers on July 18, 2019, and August 2, 2019, respectively. (*See* SFL Answer (Dkt. 13); Vernon Answer (Dkt. 17).) Currently pending before the court

---

[1] When quoting cases and unless otherwise noted, all citations and quotation marks are omitted and all alterations are adopted.

are Defendants' motions for judgment on the pleadings. (*See* SFL Mem.; Vernon Mem.; Pl.'s Mem. in Opp. to Defs.' Mot. for J. on the Pleadings (Dkt. 43 at ECF 97); SFL Reply (Dkt. 43 at ECF 133); Vernon Reply (Dkt. 43 at ECF 119).)

## II. LEGAL STANDARD

"The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006). A complaint will survive a motion to dismiss if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* On a motion to dismiss under Rule 12(c), the court accepts as true the factual allegations in the complaint and draws all reasonable inferences in favor of the nonmoving party. *See Patel*, 259 F.3d at 126.

In evaluating a motion for judgment on the pleadings, "a court may consider the pleadings and exhibits attached thereto, statements or documents incorporated by reference, and matters of which judicial notice may be taken." *Levine v. City of New York*, No. 01-CC-3119 (DC), 2002 WL 5588, at *1 (S.D.N.Y. Jan. 2, 2002); *see also Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (holding that courts may consider an extrinsic document when the complaint "relies heavily upon its terms and effect").

## III. DISCUSSION

### A. SFL's Motion

SFL advances four arguments for why it is entitled to judgment on the pleadings. (*See* SFL Mem.) It contends (1) that Plaintiff's

3

claims are barred by the statute of limitations, (2) that Plaintiff lacks standing to bring this lawsuit, (3) that SFL cannot be held liable under the ADA because it made no alterations under the Act, and (4) that Plaintiff's claim is moot. (*Id.* at ECF 62-75.)

1. Statute of Limitations

SFL first argues that Plaintiff's claim is barred by the statute of limitations. (*See id.* at ECF 62.) The statute of limitations for ADA claims is determined by looking at the "most appropriate or analogous state statute of limitations;" in New York, this is the "three-year statute of limitations [applied] to Title IX Claims." *Purcell v. New York Inst. of Tech.*, 931 F.3d 59, 62-63 (2d Cir. 2019). When a claim accrues, however, is determined by federal law. *M.D. v. Southington Bd. of Educ.*, 334 F.3d 217, 221 (2d Cir. 2003). The general rule is that a federal claim accrues once "the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id.*; *see also Onibokun v. Chandler*, 749 F. App'x 65, 66 (2d Cir. 2019) (summary order). A Title III ADA claim is no different, accruing when a plaintiff "knew he had been discriminated against on the basis of his disability in the enjoyment of the goods, services, facilities, privileges, advantages, or accommodations . . . to the extent that [defendant] is a place of public accommodation." *Gardner v. Wansart*, No. 05-CV-3351(SHS), 2006 WL 2742043, at *4 (S.D.N.Y. Sept. 26, 2006).

There is limited case law specifically discussing accrual of claims under Title III of the ADA, 42 U.S.C § 12182 and § 12183. Courts have alternatively adopted either the "discovery rule," under which a claim accrues when a plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured, or the "construction rule," under which a claim accrues when construction or renovation is complete. *Compare Kuchmas v Towson Univ.*, 553 F. Supp. 2d 556, 563-64 (D. Md. 2008) (holding that the statute of limitations began to run at the rental of an inaccessible unit); *Venus v Seville Food, LLC*,

4

14-CV-2476, 2017 WL 2364192, at *10 (D.N.J. May 31, 2017) (holding that the statute of limitations began to run when a plaintiff with a disability first visited an inaccessible diner) *with De La Rosa v. Lewis Foods of 42nd St., LLC*, 124 F. Supp. 3d 290, 300 (S.D.N.Y. 2015) (favoring the construction rule). The discovery rule tracks the standard rule of accrual, *see Southington Bd. of Educ.*, 334 F.3d at 221, and the court sees no reason to deviate from the standard here.

The strongest argument in favor of the construction rule is that the discovery rule would prevent "operators of places of public accommodation", from ever having "the benefit of a statute of repose for non-compliant construction or alterations, as they could be haled into court decades later for non-compliant construction." *De La Rosa*, 124 F. Supp. 3d at 300. This misconstrues the relevant injury. An individual plaintiff is not injured when noncompliant construction or alterations are completed; instead, he is injured when the noncompliant construction or alterations "discriminate[] against [him] on the basis of disability" by denying him "the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a).

Accepting the factual allegations of the complaint, Shalto was injured when he visited SFL's restaurant in March 2019 and was unable to avail himself of the "full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations" of the restaurant. *Id.* He then filed his complaint on March 25, 2019, within the three-year state of limitations for ADA claims.

### 2. Standing

SFL next argues that Plaintiff lacks standing to sue. (*See* SFL Mem. at ECF 66-69.) In order to have standing under the ADA, a plaintiff must (1) allege past injury under the ADA, (2) allege facts supporting a reasonable inference that this discriminatory

5

treatment will continue; and (3) show that he intends to return to the place of public accommodation. *See Camarillo v. Carrols Corp.*, 518 F.3d 153, 158 (2d Cir. 2008). Here, Plaintiff alleges enough factual detail to establish standing. Plaintiff alleges he was unable to access the dining area of the restaurant in March 2019. (Compl. ¶ 13.) In addition, he alleges that the violations have not been remedied, he is a resident of New York State, he frequents the area twice monthly, and he wishes to return to the restaurant if it were made accessible. (*Id.* ¶¶ 6, 12-17, 26, 31.)

SFL contends that Plaintiff has not suffered any injury, as he was served outside of the establishment at a take-out window and did not, by his actions or words, show an intent to enter. (*See* SFL Mem. at ECF 67.) However, injury for purposes of standing under the ADA occurs when a plaintiff is unable to access a public accomodation, even if no attempt was made to do so. *See Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 188 (2d Cir. 2013) (noting that a plaintiff "need not attempt to overcome an obvious barrier"). Thus, Plaintiff has standing under the ADA.

### 3. SFL's Liability under the ADA

SFL argues that it cannot be held liable under Section 12183(a) of the ADA because it did not own or operate the premises at the times the "alterations occurred." (*See* SFL Mem. ECF 70.) SFL relies on three district court decisions for this proposition: *De La Rosa*, 124 F. Supp. 3d 290; *Paulick v. Ritz-Carlton Hotel Co., LLC*, No. 10-CV-04107, 2011 WL 6141015 (N.D. Cal. Dec. 8, 2011); and *Rodriguez v. Investco, LLC.*, 305 F. Supp. 2d 1278 (M.D. Fla. 2004). (*Id.*) Of these, only *De La Rosa* supports SFL's stance. Both *Paulick* and *Rodriguez* address the question of successor liability for noncompliant construction under § 12183(a)(1), but not for noncompliant alterations under § 12183(a)(2). *See Paulick,* 2011 WL 6141015 at *3; *Rodriguez*, 305 F. Supp. 2d at 1282-83. Indeed, in *Lemmons v. Ace Hardware Corp.*, the court drew an explicit distinction between § 12183(a)(1) and § 12183(a)(2),

6

finding successor liability may lie under the latter. No. 12-CV-03936, 2014 WL 3107842, *7-8 (N.D. Cal. July 3, 2014).

Moreover, even accepting that SFL did not operate the premises at the time of the alterations, SFL admits that it currently operates the restaurant. (SFL Answer ¶ 8.) Plaintiff alleges several current barriers at the restaurant (Compl. ¶ 26), and SFL may be subject to liability for these violations under § 12182, which covers "existing facilities." *Roberts v. Royal Atl. Corp.*, 542 F.3d 363, 368-69 (2d Cir. 2008).

    4. Mootness

SFL also asserts that Plaintiff's claims are rendered moot because SFL has installed a ramp and made other modifications to the premises. (*See* SFL Mem. at ECF 73.) When analyzing a mootness defense, factual changes made by a defendant after litigation has commenced cannot render a case moot unless "it is absolutely clear" the defendant cannot resume the allegedly offending conduct. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 190 (2000).

Here, however, the court need not even go so far. SFL's mootness argument relies on evidence outside of the pleadings. (*See* SFL Mem. at ECF 73-74 (citing to an affidavit appended to its motion and photos of modification to the premises "submitted to Plaintiff in SFL's responses to discovery requests").) This evidence is not properly before the court on a motion for judgement on the pleadings, *see Levine*, 2002 WL 5588, at *1, and SFL has therefore failed to demonstrate mootness.

For the above reasons, SFL's motion for judgment on the pleadings is denied.

### B. Vernon's Motion

Vernon's motion primarily comprises a narrative argument for why Plaintiff is not a sympathetic litigant. (*See generally* Vernon

Mem.) It asserts, *inter alia*, that the complaint is ambiguous and that Plaintiff is a serial ADA litigant. (*Id.*) However, it does not point to authority for why these purported deficiencies require dismissal.[2]

First, Vernon argues that Plaintiff's paralysis likely requires the help of an aide, which his complaint does not mention. (*See* Vernon Mem. at ECF 10-12.) Vernon argues that knowing whether an aide was present is "germane to [Vernon's] ability to defend, because every [d]efendant has the right to know what they are defending against." (*Id.* at ECF 11.) However, the presence of an aide is immaterial to the validity of the instant lawsuit, and Vernon cites no authority saying otherwise.

Next, Vernon argues that this case is an exercise in vexatious litigation, as Plaintiff has brought 23 other ADA lawsuits in New York's Eastern and Southern Districts. (*See* Vernon Mem. at ECF 14-17.) However, Vernon again provides no authority to support the proposition that Plaintiff's current claims should be dismissed simply because he has brought a number of lawsuits, and it is not inherently illogical for a man who is paralyzed from the neck down to be involved in several ADA lawsuits.

Finally, Vernon moves to dismiss the claims under New York State and New York City law, arguing that the certificate of occupancy issued to the pizza restaurant, which states that "the premises conform…to the requirements of all applicable laws, rules and regulations," indicates that there is no legal violation. (*See* Vernon Mem. at ECF 12-13.) Once again, Vernon does not cite any authority to support the proposition that such a certificate per se precludes liability under the New York State or New

---

[2] Vernon also claims Plaintiff lacks standing, advancing substantially the same argument as SFL, which the court rejects for the same reasons. *See* section III.A.2, *supra*.

York City Human Rights Law. In fact, "[a] claim of disability discrimination under [state law] is governed by the same legal standards [that] govern federal ADA claims . . . [t]o the extent that [a plaintiff] brings a state-law disability-discrimination claim, it survives or fails on the same basis as his ADA claim." *Range v. 535 Broadway Grp. LLC,* 17-CV-0423 (WHP), 2019 WL 4182966 at *6 (S.D.N.Y. Sept. 3, 2019) (citing *Graves v. Finch Pruyn & Co.*, 457 F.3d 181, 184 n.3 (2d Cir. 2006). This principle is also applicable to claims under the New York City Human Rights Law. *See Feltenstein v. City of New Rochelle*, 254 F. Supp. 3d 647, 652 (S.D.N.Y. 2017).

Therefore, Vernon's motion for judgment on the pleadings is denied.

### IV. CONCLUSION

For the reasons stated above, SFL's and Vernon's (Dkt. 43) motions for judgment on the pleadings are DENIED. The parties are DIRECTED to contact the chambers of Magistrate Judge Steven L. Tiscione to discuss the next steps in this case.

SO ORDERED.

Dated:   Brooklyn, New York
         June 30, 2020

                                          /s/ Nicholas G. Garaufis
                                          NICHOLAS G. GARAUFIS
                                          United States District Judge

9