```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
```
LESALDO SHALTO,

                        Plaintiff,

        -against-

SFL PIZZA CORP. d/b/a CENTRO and 47-23 VERNON BLVD. LLC,

                        Defendants.

**ORDER**
**19-CV-1687 (NGG) (ST)**

NICHOLAS G. GARAUFIS, United States District Judge.

Defendant 47-23 Vernon Blvd. LLC ("Vernon") seeks reconsideration of this court's June 30, 2020 Memorandum and Order ("M&O"), which denied Defendants' motion for judgment on the pleadings. (*See* Def.'s Mot. for Recon. ("Mot.") (Dkt. 45); Mem. in Supp. of Mot. for Recon. ("Mem.") (Dkt. 45-1).) Vernon contends that this court erred in holding that Plaintiff has alleged sufficient injury to establish standing under the Americans with Disabilities Act ("ADA").

The standard for a motion for reconsideration is "strict." *Schrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A party seeking reconsideration must establish: "(1) that the court overlooked controlling decisions or data; (2) that there has been a change in decisions or data; (3) that new evidence has become available; or (4) that reconsideration is necessary to correct a clear error or prevent manifest injustice." *Kelwin Inkwel, LLC v. PNC Merch. Servs. Co., L.P.*, No. 17-CV-6255 (NGG), 2019 WL 6134164, at *1 (E.D.N.Y. Nov. 19, 2019). Courts narrowly construe and strictly apply these principles in order to avoid "repetitive arguments on issues that have already been considered fully by the court*.*" *Suffolk Fed. Credit Union v. Cumis Ins. Soc., Inc.*, 958 F. Supp. 2d 399, 402 (E.D.N.Y. 2013) (citation omitted).

1

Vernon seeks reconsideration of the denial of its motion for judgment on the pleadings on Plaintiff's ADA claims.[1] (Mem. at 1-2.) Vernon argues that reconsideration is warranted because the court erred in holding that Plaintiff alleged sufficient factual detail in order to establish standing. *Id.* Specifically, Vernon asserts that Plaintiff failed to properly allege an injury in fact, and, in reaching the opposite conclusion, the court misapplied *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184 (2d Cir. 2013). (*See generally* Mem.)

To establish standing under the ADA, a plaintiff must show "(1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants' restaurants to plaintiff's home, that plaintiff intended to return to the subject location." *Kreisler*, 731 F.3d at 187-88 (citing *Camarillo v. Carrols Corp.*, 518 F.3d 153, 158 (2d Cir.2008)). *Kreisler* considered whether the first prong, past injury, may be established by showing that a plaintiff was deterred by a barrier to entry. *Kreisler*, 731 F.3d at 188. The panel held that a person with a disability who was deterred from entering a public accommodation sustained a concrete and particularized injury sufficient to establish standing. *Id.* The plaintiff in *Kreisler* "never attempted to enter the Diner . . . , [but] testified that (1) the seven to eight-inch step deterred him from attempting to enter, (2) he frequents diners in his neighborhood often, (3) he lives within several blocks of the Diner, and (4) he would like to frequent the Diner if he were able to access it." *Id.* The complaint here contains similar allegations.

---

[1] The court assumes familiarity with the factual and procedural background of this case, which is set forth in greater detail in the M&O. *See Shalto v. SFL Pizza Corp.*, No. 19-CV-1687 (NGG), 2020 WL 3577335, at *1 (E.D.N.Y. June 30, 2020).

2

Plaintiff alleges that he "would like to eat inside the Pizza Restaurant but has been deterred from doing so by the step at the entrance" (Compl. ¶ 13) and that he "patronize[s] businesses in the area . . . twice a month" (id. ¶ 12). Following *Kreisler*, these allegations of deterrence are sufficient to establishing standing under the ADA.

Vernon attempts to expand *Kreisler*'s holding, arguing that it only applies to situations in which the plaintiff did not interact with the place of public accommodation. (Mem. at 2-3.) This concept is nowhere to be found in *Kreisler*. The panel held that "deterrence constitutes an injury under the ADA," and that "the fact that the wheelchair-inaccessible entrance deterred [the plaintiff] from accessing the Diner established a concrete and particularized injury; [the plaintiff] need not attempt to overcome an obvious barrier."[2] *Kreisler*, 731 F.3d at 188. In fact, while contending that the court misconstrued *Kreisler*, Vernon advances the very argument that *Kreisler* considered and rejected. *Compare* (Mem. at 4) (arguing that *Kreisler* prevents standing because Plaintiff did "not make even a rudimentary attempt to ask about the availability of a suitable accommodation") w*ith Kreisler*, 731 F.3d at 188 n.4 (rejecting the argument that "to confer standing a plaintiff should make some attempt to engage in patronage or seek assistance to overcome a barrier, particularly [a] barrier to entry").

---

[2] Vernon also riffs on language in *Kreisler* that "disabled individuals need not 'engage in a futile gesture if such a person has actual notice that [the private entity] does not intend to comply with [ADA] provisions." (*See* Mem. at 3-5 (citing *Kreisler*, 731 F.3d. at 189).) The relevance of that language to Vernon's motion is unclear. At this point in *Kreisler*, the panel was discussing whether the plaintiff had standing to bring ADA claims regarding the interior of the restaurant he had been unable to enter, and not, as here, discussing whether deterrence was sufficient to establish an injury in fact. *See* 731 F.3d at 189.

Because Plaintiff alleged that he was deterred from attempting to enter the restaurant, he has alleged an injury in fact sufficient to establish standing under the ADA. Vernon's arguments to the contrary are without merit. Therefore, Vernon's (Dkt. 45) motion for reconsideration is DENIED.

SO ORDERED.

Dated:   Brooklyn, New York
         July 13, 2020

                                        /s/ Nicholas G. Garaufis
                                        NICHOLAS G. GARAUFIS
                                        United States District Judge