UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ------------------------------------------------------X<br>LESALDO SHALTO,<br><br>Plaintiff<br><br>- against -<br><br>SFL PIZZA CORP. d/b/a CENTRO and<br>47-23 VERNON BLVD LLC,<br><br>Defendants.<br>------------------------------------------------------X | **Case No. 19 CV 1687**<br>**(NGG) (ST)**<br><br>**STIPULATION OF SETTLEMENT ON CONSENT, WITH PREJUDICE** |

WHEREAS, Plaintiff LESALDO SHALTO ("'Plaintiff') filed a complaint in the above-captioned action (the "Action") against defendants SFL PIZZA CORP. d//b/a CENTRO ("Centro") and 47-23 Vernon Blvd LLC, ("Landlord, and collectively with Centro, hereinafter "Defendants"), alleging *inter alia,* certain purported violations of the Americans with Disabilities Act, 42 U.S.C 12181, and related claims arising under New York State Executive Law, the New York City Human Rights Law, and the New York Civil Rights Law, and seeking certain forms of relief thereunder; and

WHEREAS, the claims alleged herein by Plaintiff arise in connection with the space occupied by Centro at the property located on the first floor of 47-23 Vernon Boulevard, Long Island City, New York (the "Premises"); and

WHEREAS, Defendants have denied all allegations that they have violated any laws, statutes, rules, regulations, or ordinances; and

WHEREAS, the Parties desire to settle the Action, without an admission of liability, on the terms find conditions set forth herein; it is therefore STIPULATED, CONSENTED, AND AGREED, that the Action shall be settled as follows:

1. Remedial Measures.

A. Defendant Landlord shall install a permanent ramp, with any required landing and railings (collectively, the "Ramp"), at the front entrance to the Premises (Defendants shall comply with any action necessary to obtain any required permits). The installation of the Ramp shall be completed within six months of the date this Stipulation is filed with the Eastern District Court (the "Start Date"), and shall conform with the plans on file with the Department of Buildings as Job No: 440592351, subject to all modifcations/adjustments/refiling of such plans to cause the front entrance of the premises to be ramped for wheelchair accessibility. Within 30 days of the installation of the Ramp, the attorney for Defendants shall notify Plaintiff's counsel and Landlord shall furnish photograph(s) of the completed Ramp to all attorneys named herein.

B. Defendant Centro shall provide:

a) signage and an accessible bell/buzzer to direct the disabled patrons as to how to seek assistance, once they arrive.

b) ADA compliant signage directing patrons using wheelchairs to an accessible entrance (once the ramp has been constructed).

c) an accessible route which connects the entrance to the toilet room.

d) 5% accessible seating of dining surfaces, with appropriate knee and toe clearances.

e) a 30x48 inch clear space within the toilet room for wheelchair maneuverability.

f) grab bars behind or beside the toilet.

g) ADA compliant toilet, sink, mirror (height and slant), towel dispenser, soap dispenser, toilet room refuse receptacle.

C. All parties agree that the patio (immediately past door to backyard) portion of backyard of the premises provides a suitable outdoor space for wheelchair dining.

2. Settlement Amount.

The Parties agree that monetary compensation shall be paid to Plaintiff's counsel in resolution of all claims asserted in this action, and Plaintiff's counsel stipulates that he has authority from his client to receive one lump sum for allocation, said sum being SIX THOUSAND DOLLARS ($6,000.00) (the "Settlement Payment"). The Settlement Payment shall be in full and complete satisfaction of all damages, costs, disbursements, fees, expenses, expert fees, and attorney's fees incurred by Plaintiff and/or by Plaintiff's attorney in connection with all claims alleged, and all claims that could have been alleged, by Plaintiff in the Action.

3. Release.

In consideration of each Defendants' obligations under this Stipulation, the Plaintiff ("Releasor") on behalf of himself, his heirs, executors, beneficiaries, trustees, administrators, representatives, successors and assigns hereby remises, releases, acquits, satisfies, and discharges Defendants, their parents, subsidiaries and affiliates, and their current and/or former officers, directors, members, shareholders, employees, attorneys, trustees, administrators. representatives, successors and assigns ("Releasees") from all actions, causes of action, suits, debts, dues. sums

of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances., trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law or in equity, which the Releasor ever had, now has or hereafter can, shall or may have against the Releasees from the beginning of the world up to the date of this Stipulation with respect to all claims made, or which could have been made, in this Action.

4. Withdrawal of Action.

Upon full execution of this Stipulation and receipt of the Settlement Payment, Plaintiff's counsel shall file a Stipulation of Dismissal in the form annexed hereto.

5. No Admission of Liability.

Nothing in this Stipulation shall constitute or be deemed to constitute an admission of fault, wrongdoing or liability on the part of Defendants, jointly or severally. Defendants acknowledge, without conceding, any infirmity in their defense(s), that they are entering into this Stipulation solely in order to settle this dispute and to avoid the further expense and inconvenience of litigation. Plaintiff acknowledges that nothing herein is to be construed as an admission of liability or culpability by either of the Defendants, and acknowledges further that the remedial steps to be taken herein constitute a satisfactory resolution of the access claims alleged herein, and Plaintiff acknowledges that when the modification contemplated herein are accomplished, he will have full and satisfactory access to the premises.

6. Fees and Expenses.

Each of the Parties shall bear their own attorneys' fees and costs incurred in connection with or related to the Action not otherwise encompassed by the terms of this Stipulation provided, however, that in the event of breach of this Stipulation, the non-breaching party shall be entitled to collect any fees or expenses incurred, including reasonable attorneys' fees, by reason of any efforts required to enforce this Stipulation.

7. Authority.

Each signatory hereto represents and warrants that he/she has full authority to enter into this Stipulation on behalf of the Party for whom he signs.

8. Governing Law and Jurisdiction.

This Stipulation shall be deemed to be made and entered into in the State of New York, and shall in all respects be interpreted, enforced and governed under the laws of New York and of the United States. The Parties agree that venue for any litigation brought to enforce this Stipulation shall lie in the United States District Court for the Eastern District of New York, or, if that Court refuses to accept jurisdiction. in any court of competent jurisdiction located within Queens County, New York.

9. Interpretation.

The language of all parts of this Stipulation shall in all cases be construed as a whole or as part of a coherent whole, according to its fair meaning in settling claims of the type which were brought in this action, and not strictly for or against any of the Parties. This Stipulation has

been negotiated by and between the Parties' respective counsel, and therefore shall not be construed against a particular party or parties as “drafter."

10 . Modification of Stipulation.

This Stipulation may be amended, revoked, changed, or modified only upon a written agreement executed by the parties.

11. Entire Agreement.

This Stipulation is, and is intended to be, a Stipulation of Settlement with Prejudice, and sets forth the entire agreement between the Parties, and fully supersedes any and all prior agreements or understandings between the Parties pertaining to the subject matter hereof.

12. Signatures in Counterparts.

This Stipulation may be executed in any number of counterparts, each of which shall be taken to be one and the same instrument, with the same effect as if the Parties had signed the same signature page. A facsimile copy, or Adobe PDF, or other “scan and print” of any Party’s (or their Attorney’s or other Legal Representative’s) signature shall be deemed as legally binding as an original.

13. Headings.

The Headings of the sections in this Stipulation have been inserted for convenience and reference purposes only and are not intended to be a substantive part hereof, nor shall they define, modify, or restrict any of the terms or provisions hereof.

IN WITNESS WHEREOF, the Parties have hereinafter set their hands as of the date set forth below:

Dated: Queens, New York, July 28, 2020

Lesaldo Shalto by Donald J. Weiss Attorney in fact

Lesaldo Shalto, Plaintiff

47-23 VERNON BLVD LLC, by: ____________________

Angelo Mottola, Managing Member

SFL Pizza Corp., by: ____________________

Printed Name: Stephen LoGiudice

Corporate Title: President

So Ordered.

Dated: Brooklyn, New York

____________________, 2020

____________________

NICHOLAS G. GARAUFIS
United States District Judge